**WRATHER–ALVAREZ BROADCAST-ING, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-MISSION, Appellee,**

**American Broadcasting-Paramount Thea-tres, Inc., Intervenor.**

**Nos. 13617, 13674.**

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1957.

Decided Sept. 26, 1957.

2. Of course, sometimes the assigned motion may finally dispose of the matter, e. g., motion to dismiss or affirm.

Mr. Herbert E. Forrest, Washington, D. C., with whom Messrs. Vincent B. Welch and Vincent A. Pepper, Washington, D. C., were on the brief, for appellant. Mr. Robert N. Green, Washington, D. C., also entered an appearance for appellant in Case No. 13617.

Mr. Robert M. Ague, Jr., Counsel, Federal Communications Commission, of the bar of the Supreme Court of Wisconsin, *pro hac vice*, by special leave of Court, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief, for intervenor.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

American Broadcasting-Paramount Theatres Inc. (hereafter called "ABC") operates one of the three television networks. The two VHF stations in San Diego, California, are primary affiliates of the other two networks. Desiring greater coverage for its programs in the San Diego area, ABC applied to the Federal Communications Commission for authority under § 325(b) of the Communications Act of 1934 [1] to supply its programs to XETV, Tijuana, Mexico, a station which transmits a city-grade signal to San Diego. On November 23, 1955, the Commission granted the application, over the objections of the two San Diego stations and without hearing. Those stations filed timely protests under § 309(c) of the Act.[2] By order of January 23, 1956, the Commission found the protestants to be parties in interest, set down their protests for hearing, and postponed the effective date of the grant pending such hearing. On June 6, 1956, after hearing, the hearing examiner rendered an initial decision favoring ABC and, on October 22, 1956, the Commission issued its final order affirming the grant.

On April 5, 1956, after the hearing, but before the initial decision, ABC began delivering recorded programs to XETV, without obtaining Commission approval. This circumstance, according to the protestants, amounted to violation of § 325 and disregard of the Commission's stay of its November 23, 1955, order. But the Commission, in its final order of October 22, 1956, held that the point was not within the issues of the proceeding before it.

On November 21, 1956, the appellant, one of the two protestants below, filed

---

1. 48 Stat. 1091 (1934), 47 U.S.C.A. § 325 (b).

2. 48 Stat. 1085 (1934), as amended, 47 U.S.C.A. § 309(c).

its notice of appeal in No. 13617, appealing from the order of October 22, 1956, and from an interlocutory order relating to a procedural point which we shall discuss later. Later the same day, ABC filed a petition for reconsideration asking the Commission to hold, on the merits, that ABC had not violated either § 325 or the Commission's stay by shipping recorded programs to XETV, rather than holding that the issue was not before it. By order of January 11, 1957, the Commission revised its October 22, 1956, order as requested by ABC. On January 17, 1957, the appellant filed its notice of appeal in No. 13674, appealing from the January 11, 1957, order. ABC has intervened in both appeals.

■ The first question before us is whether we have jurisdiction of the appeal in No. 13617.

Intervenor, as a party to the proceeding which resulted in the Commission's order granting the § 325 permit, was entitled to petition for reconsideration under § 405 of the Act.[3] The time for filing the petition is specified in § 405 as "within thirty days from the date upon which public notice is given of [the] order * * * complained of." By § 402(b) of the Act,[4] appellant, as a "person who is aggrieved or whose interests are adversely affected by * * * [the] order of the Commission granting" the § 325 permit, was entitled to appeal to this court. The time specified in § 402 (c) for taking this appeal is also "within thirty days from the date upon which public notice is given of the decision or order complained of." Since both the appeal to us and the petition to the Commission were filed on the thirtieth day after the public notice of the order complained of, the appeal being filed about one hour earlier than the petition, both were timely under a literal reading of the statute.

We have denied jurisdiction of an appeal where appellant's prior-filed petition for rehearing is still pending before

the Commission. Southland Industries v. Federal Communications Comm., 1938, 69 App.D.C. 82, 99 F.2d 117. When the instant appeal was filed, however, there was no petition for rehearing pending before the Commission. The argument that we have no jurisdiction of this appeal is that §§ 402 and 405 must be read together to mean that an appeal is premature if filed before the expiration of the time within which a petition for rehearing may be filed. Such a reading of the statute, we think, would do violence to the language of § 402(c), which makes a case appealable *within*, not *after*, thirty days of the order complained of. Indeed, such a reading might altogether destroy the right to appeal. Since the Commission receives papers for filing until 5:00 p. m., while the court receives them only until 4:00 p. m., at the expiration of the time to petition for rehearing an appeal would already be barred as untimely. Under a fair reading of the statute, this appeal was not premature and our jurisdiction has attached.

We are not deterred from this conclusion by the consideration that jurisdiction must remain in the Commission to entertain petitions for rehearing for thirty days after the grant of the permit. Intervenor properly points out that the loser before the Commission has no vested right that the Commission's errors be preserved pending appeal. It also points out that other losing parties have a statutory right to seek relief by way of petition for rehearing rather than appeal. The necessity that the Commission have jurisdiction for thirty days after its order is even more cogently demonstrated by the provision of § 405 conditioning an aggrieved non-party's right to appeal upon his first seeking rehearing by the Commission. But our conclusion that we have jurisdiction of an appeal taken from a Commission order before any petition for rehearing has been filed does not preclude the Commission from having jurisdiction over sub-

---

3. 48 Stat. 1095 (1934), as amended, 47 U.S.C.A. § 405.

4. 48 Stat. 926 (1934), as amended, 47 U.S. C.A. § 402(b).

sequently filed timely petitions for re-hearing. The concept of an indivisible jurisdiction which must be all in one tribunal or all in the other may fit other statutory schemes,[5] but not that of the Communications Act. Under the scheme of that Act, parties to Commission proceedings have their choice whether to seek relief from Commission action from the Commission itself or from the court. And it may happen, as it has here, that one party will choose one tribunal and another party the other. That both tribunals have jurisdiction does not mean, of course, that they will act at cross purposes. The Commission's normal deference to the court as the reviewing tribunal and the principle of judicial self-restraint can be relied upon to avoid unseemly conflict.

It does not follow from our decision in Southland, supra,[6] that we should dismiss a party's appeal after our jurisdiction has attached, because another party later petitions the Commission for rehearing. Nor does that consequence follow from our refusal to retain a case when the appellant himself subsequently petitions the Commission for rehearing.[7] As we read the Communications Act, we have jurisdiction of an appeal filed within thirty days of the public notice of Commission action by a party aggrieved by that action. The only question, then, is what action we should take when the successful party, dissatisfied with the Commission's findings, subsequently petitions the Commission for rehearing. We think the proper course in such a case is not to dismiss the appeal, but rather, upon motion of any party, to hold the appeal in abeyance pending the Commission's further proceedings, keeping the record open for supplementation to reflect those proceedings.

We may treat the instant case as if the foregoing procedure had been followed. At pre-hearing conference on December 20, 1956, the Chief Judge, being assured by Commission counsel that he would seek the most expeditious consideration of the then pending petition for reconsideration, deferred further action on the appeal. Now that the Commission has disposed of the petition and the result of its reconsideration is before us, we may proceed to consider the propriety of the grant.

■ 1. Appellant asserts that, even if the grant would otherwise have been proper, ABC, by delivering films and kinescopes to XETV, without Commission approval, after the Commission had stayed the original ex parte grant of November 23, 1955, disqualified itself. ABC replies that it made those deliveries in reliance on Baker v. United States, 5 Cir., 1937, 93 F.2d 332, certiorari denied 1938, 303 U.S. 642, 58 S.Ct. 646, 82 L. Ed. 1102, which construed § 325(b) as not applying to physical delivery of recorded programs. The Commission, though first holding that the disqualification issue was not before it, decided, on the petition for reconsideration, that, under the circumstances of the case, ABC was not disqualified. While we express no opinion as to the correctness of the Baker construction of § 325(b), we think the Commission was not in error in holding that action taken in reliance on that decision did not disqualify the applicant.

2. The hearing examiner, by prehearing ruling, required each party to produce, a week in advance of the hearing, all written evidence to be relied on

---

5. Under § 19 of the Natural Gas Act, 15 U.S.C.A. § 717r, for example, the right to seek court review of a Federal Power Commission order is conditioned upon prior petition to the Commission for rehearing. Until such a petition is filed and the Commission denies it or thirty days pass without Commission action, the Commission has exclusive jurisdiction of the case. Only after the Commission has acted on the petition or held it for thirty days without acting on it may the court's jurisdiction attach.

6. See also Woodmen of the World Life Ins. Ass'n v. Federal Communications Comm., 1938, 69 App.D.C. 87, 99 F.2d 122.

7. Telecasting, Inc., v. Federal Communications Comm., D.C.Cir. No. 12841, Sept. 16, 1955, unreported.

in support of its direct case. Appellant claims this ruling deprived it of a fair hearing because there was no machinery whereby it could obtain, before the hearing, documents in its adversaries' possession on which it wished to rely. The parties are in dispute as to whether the ruling precluded appellant from obtaining and introducing at the hearing documents which it could not have obtained before the hearing.[8] But since appellant made no attempt at the hearing either to offer any additional written evidence or to obtain production of documents from its adversaries, we need not resolve this dispute. It is enough to say that, on this record, appellant does not show that it was prejudiced by the examiner's ruling.

3. The grant of ABC's application was based on the Commission's conclusion that the public interest would be served "by enabling the San Diego area public to receive multiple choice, live network programs in substantially greater degree * * * placing in improved balance the opportunity of programming choice with the public through the stimulation of competition among the networks thereby afforded." The Commission said, in explanation of its decision:

"* * * nor is it within our jurisdiction to make determinations with respect to the programming of a Mexican station. The sole question before us is whether the grant of the application of ABC—the only applicant in this proceeding—as proposed is in the public interest. Our interest is in making available "to all the people of the United States" (Section 1, Communications Act [47 U.S.C.A. § 151]) adequate communications, and not in the affairs of stations beyond our borders which do not infringe upon the service enjoyed by residents of this country."

Appellant assails the grant because the Commission failed to consider, as relevant to the public interest, (a) that XE TV is beyond the Commission's supervisory power, (b) that XETV has a competitive advantage over American stations because of its freedom from American taxes and American regulatory legislation, and (c) the character of XE TV's ownership and operation.

■ The first two grounds of complaint may be readily dismissed, for, by providing in § 325 for authorization of transmission of programs to foreign stations, Congress necessarily contemplated that the recipients of the programs would be free from our laws, regulations and taxes. Also insubstantial is the contention that the Commission should have considered the character of XETV's ownership. The allegedly objectionable owner of XETV is one Jorge Rivera, a 12 per cent stockholder. In view of appellant's stipulation as to Mr. Rivera's "lack of participation in the management, operation, or control of XE TV," we cannot say the Commission was

---

8. The Commission, on appellant's petition for review of the examiner's ruling under § 1.750 of the Commission's Rules, affirmed the ruling, interpreting it as not precluding appellant "from presenting written evidence not previously exchanged in advance of the hearing in situations where the course of the hearing necessitates the introduction of supplementary written evidence essential to the proof of the issues." This is one of the orders appealed from in No. 13617.

Section 1.750 of the Commission's Rules allows petitions to the Commission for review of examiners' rulings to be taken in two ways: by excepting on the record and preserving the point for ultimate determination on review of the initial decision; or by filing an interlocutory petition for review within two days of the ruling. The purpose of allowing interlocutory review, obviously, is to permit Commission determination of questions important in the conduct of the hearing. Appellant filed such an interlocutory two-day petition for review on February 15, 1956, before the hearing began, but the Commission withheld decision until three months after the hearing was closed and sixteen days after the initial decision. This treatment of the petition makes a farce of the "two-day" rule. Whether it may also amount to deprivation of fair hearing, we do not decide on this record. See text infra.

required to consider his character in determining whether the public interest would be served by allowing ABC programs to go to XETV.

 The remainder of appellant's complaint against the Commission's action—that the Commission refused to consider the character of XETV's operation—is of more substance. It is not suggested that the Federal Communications Commission has any authority to control the content of the programs which XETV chooses to broadcast. The question is whether the Commission may consider the character of that programming in deciding whether the public interest would be served by authorizing an American network to supply its programs to XETV. Obviously American network programs would make XETV a more attractive station to its San Diego viewers and the larger audience it would attract would also be available to it for its locally originated programs. While the Commission has no power to prevent XETV from broadcasting to San Diego locally originated programs which are objectionable by American standards, it has power to refrain from issuing a permit which would give those programs a larger American audience. We do not suggest that such programming imperfections as would militate against an American station applicant in a comparative proceeding are necessarily relevant in deciding whether a foreign station is to be permitted to affiliate with an American network. We hold only that, in making the latter decision, the Commission may not altogether exclude from consideration such serious defects of the foreign station's programming as would affect the public interest. The Commission's refusal to consider that question is error requiring us to set aside the grant and remand the case to the Commission for reconsideration in the light of our opinion. Our action is without prejudice to any steps which the Commission may lawfully take, pending reconsideration, to provide continuity of service by ABC to San Diego viewers. Cf. American Broadcasting Co. v. Federal Communications Commission, 1951, 89 U.S.App.D.C. 298, 191 F.2d 492; Greensboro-High Point Airport Authority v. Civil Aeronautics Board, 1956, 97 U.S.App.D.C. 358, 231 F.2d 517.

It is so ordered.