**WORZ, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,**

**Mid-Florida Television Corporation,
Intervenor.**

No. 13996.

United States Court of Appeals
District of Columbia Circuit.

Argued March 26, 1959.

Decided May 21, 1959.

Petition for Rehearing in Banc Denied
June 5, 1959.

Mr. Eliot C. Lovett, Washington, D. C.,
for appellant.

Mr. John H. Conlin, Counsel, Federal
Communications Commission, with
whom Messrs. Edgar W. Holtz, Associate
Gen. Counsel, Federal Communications
Commission, and Richard A. Solomon,
Asst. Gen. Counsel, Federal Communi-
cations Commission, at the time the brief
was filed, were on the brief, for appellee.

Messrs. Max D. Paglin, Asst. Gen.
Counsel, Federal Communications Com-
mission, Richard M. Zwolinski and Jerry
M. Hamovit, Counsel, Federal Communi-
cations Commission, also entered appear-
ances for appellee.

Mr. Paul Dobin, Washington, D. C.,
with whom Mr. Leonard H. Marks,
Washington, D. C., was on the brief, for
intervenor.

Before FAHY, WASHINGTON and DAN-
AHER, Circuit Judges.

FAHY, Circuit Judge.

In WORZ, Inc. v. F.C.C., 103 U.S.App.
D.C. 195, 257 F.2d 199, we affirmed an
order of the Commission granting the
application of Mid-Florida Television
Corp. for a construction permit for tele-
vision channel 9 in Orlando, Florida.
The order of the Commission had denied
the mutually exclusive application of
WORZ, Inc. The latter petitioned the
Supreme Court for writ of certiorari to
review our decision. On October 27,
1958, certiorari was granted. Simul-
taneously, in view of representations in
the Solicitor General's brief on behalf
of the Commission concerning testimony
before the Subcommittee on Legislative
Oversight of the House Committee on
Interstate and Foreign Commerce subse-
quent to our decision, the Supreme Court
ordered that the judgment of this court
be vacated and remanded the cause to

this court for such action as we may deem appropriate.[1] 358 U.S. 55, 79 S.Ct. 114, 3 L.Ed.2d 48.

It appears from the testimony before the Subcommittee on Legislative Oversight that while the case was pending before the Commission certain *ex parte* representations were made to a member of the Commission regarding the qualifications of one of the applicants. The Commission has completed an inquiry of its own regarding the matter and in a Supplemental Memorandum filed with this court advises that it believes a further evidential hearing should be held along substantially the same lines as those being conducted in the cases in this court reported as WKAT, Inc. v. F.C.C., 103 U.S.App.D.C. 324, 258 F.2d 418, and Massachusetts Bay Telecasters, Inc. v. F.C.C., 104 U.S.App.D.C. 226, 261 F.2d 55.

The Commission accordingly suggests that we either remand the case to it for further proceedings similar to those had in the WKAT and Massachusetts Bay cases, in the meantime maintaining the status quo and retaining jurisdiction pending receipt of the Commission's decision and recommendations; or that we authorize the Commission to proceed with its inquiry and give effect to its already announced determination that an evidential hearing should be held, holding in abeyance the Supreme Court's remand until we receive the Commission's conclusions and recommendations. Mid-Florida has acquiesced in the suggestions of the Commission. WORZ urges the desirability of the court appointing a special master and determining under its own supervision the integrity of the Commission's decision and the propriety of this court's decision affirming it.[2]

Adhering generally to the type of procedures adopted in comparable cases, including WKAT and Massachusetts Bay, supra, and the more recent instance of Sangamon Valley Television Corp. v. United States and F.C.C., —— U.S.App. D.C. ——, 269 F.2d 221, the order of the Commission granting television Channel 9 in Orlando, Florida, to intervenor, Mid-Florida Television Corp., is vacated and the case is remanded to the Commission with instructions to hold, with the aid of a specially appointed hearing examiner, an evidential hearing to determine the nature and source of all *ex parte* pleas and other approaches that were made to Commissioners while the former proceeding was pending, and any other factors that might be thought to require either disqualification of some Commissioners from participating in the reopened proceeding or disqualification of some parties from receiving any award that may ultimately result. All parties to the former proceeding and to the present review may on request participate fully in the evidential hearing. The Commission is instructed to report its progress to this court within sixty days, together with any recommendations it is then able to make. In the discretion of the Commission existing services may be maintained.[3] This court retains jurisdiction of this proceeding pending its further order.

Vacated and remanded.

DANAHER, Circuit Judge (stating a separate view).

Our judgment had been final, subject of course, to the action of the Supreme Court. 47 U.S.C.A. § 402(j). Since the Supreme Court's order of October 27, 1958, provided that our judgment "be, and the same is hereby, vacated," I see

---

1. Thereafter the Clerk of this court advised counsel for the parties of the action of the Supreme Court and inquired of them whether they wished to file memoranda with respect to what action would be appropriate for this court to take. In response, memoranda have been filed and oral argument had.

2. WORZ had advanced initially the suggestion, like that of the Commission, that the court take action similar to the course adopted in the WKAT and Massachusetts Bay cases, supra.

3. Wrather-Alvarez Broadcasting, Inc. v. FCC, 101 U.S.App.D.C. 324, 329, 248 F.2d 646, 651.

no basis upon which we may retain jurisdiction or direct the course which the Commission now must follow. It seems to me the record will be wide open for whatever action the Commission wishes to take. Cf. American Broadcasting Co. v. Federal Communications Com'n, 1951, 89 U.S.App.D.C. 298, 307, 191 F.2d 492, 501, 502.