294 F.2d 742
 111 U.S.App.D.C. 113
 SANGAMON VALLEY TELEVISION CORPORATION, Petitioner,
v.
UNITED STATES of America and Federal Communications
Commission, Respondents.
American Broadcasting-Paramount Theatres, Inc., Signal Hill
Telecasting Corporation, Plains Television
Corporation, Intervenors.
 No. 13992.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 5, 1961.
Decided July 27, 1961.
 
 Mr. D. M. Patrick, Washington, D.C., with whom Messrs. Lester Cohen and Stanley S. Harris, Washington, D.C., were on the brief, for petitioner.
 Mr. Richard A. Solomon, Atty., Dept. of Justice for respondent United States. Mr. Daniel M. Friedman, Atty., Dept. of Justice, also entered an appearance for respondent United States of America.
 Mrs. Ruth V. Reel, Counsel, F.C.C., with whom Messrs. Max D. Paglin, Gen. Counsel, F.C.C., and Daniel R. Ohlbaum, Asst. Gen. Counsel, F.C.C., were on the brief, for respondent Federal Communications Commission.
 Mr. Monroe Oppenheimer, Washington, D.C., with whom Mr. Isadore G. Alk, Washington, D.C., was on the brief, for intervenor Signal Hill Telecasting Corp. Mr. Abraham J. Harris, Washington, D.C., also entered an appearance for intervenor Signal Hill Telecasting Corp.
 Mr. Vernon L. Wilkinson and Mr. James A. McKenna, Jr., Washington, D.C., were on the brief for intervenors American Broadcasting-Paramount Theatres, Inc. and Plains Television Corp.
 Before EDGERTON, FAHY and BASTIAN, Circuit Judges.
 EDGERTON, Circuit Judge.
 On May 5, 1959, on remand from the Supreme Court,[1] we vacated the Commission's order released March 1, 1957. We held that 'private approaches to the members of the Commission vitiated its action and the proceeding must be reopened.' Sangamon Valley Television Corp. v. United States and Federal Communications Commission, 106 U.S.App.D.C. 30, 33, 269 F.2d 221, 224. We did not order an entirely new proceeding but remanded the case to the Commission with instructions to hold, with the aid of a specially appointed examiner, an evidential hearing to determine the nature and scope of the ex parte approaches to Commissioners that had been made while the former proceeding was pending, and any other factors that might be thought to disqualify some Commissioners or some parties. Id. 106 U.S.App.D.C. at page 34, 269 P.2d 221.
 A hearing was held on those and certain other issues. The Commission found that the many ex parte approaches of Tenenbaum on behalf of the applicant Signal Hill rendered the former proceeding voidable but did not disqualify any Commissioner and, in view of what were then somewhat common practices, did not absolutely disqualify Signal Hill. The Commission left upon the question whether Tenenbaum's activities should reflect on Signal Hill's comparative qualifications in any future proceeding. The Commission released its Report and Recommendation on February 16, 1961. It proposed to give interested parties 'the opportunity to respond to any matter revealed in the instant proceeding to have been presented privately to the Commissioners or any of them, and not otherwise made a part of the public record while the former proceeding was pending, and to comment upon the effect such matter should have upon the Commission's ultimate determination on the merits; and * * * to thereafter reevaluate its Report and Order released March 1, 1957 in the light of such comments. The Commission does not desire, nor would it consider, comment on matters occurring subsequent to March 1, 1957.'
 The Department of Justice, on the other hand, contends of behalf of the United States 'that the 'basic fairness (which) requires that such a proceeding * * * be carried on in the open' can only be achieved by starting afresh.' In all the circumstances, we think a fresh start is necessary. The Commission's former order was issued over four years ago. Three of its then members have been succeeded by others. In all the circumstances we think it would not be appropriate for the Commission to determine in 1961 on the basis of a somewhat supplemented 1957 record where and to whom VHF Channel 2 ought to be assigned. We remand the case to the Commission with instructions to conduct an entirely new proceeding; provided that, as the United States recognizes, it is unnecessary for the Commission to reconsider the conclusions expressed in its Report and Recommendation of February 16, 1961, that no Commissioner is disqualified and no party is absolutely disqualified. But we do not doubt that conduct of the type Tenenbaum engaged in, occurring since the Commission's earlier decision on this point in this case, would be grounds for disqualification. In the discretion of the Commission, existing services may be maintained.
 Remanded.
 
 
 
 [1]
 Sangamon Valley Television Corp. v. United States, 358 U.S. 49, 79 S.Ct. 94, 3 L.Ed.2d 47