WORZ, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COM-MISSION, Appellee,

Mid-Florida Television Corporation, Intervenor.

No. 13996.

United States Court of Appeals District of Columbia Circuit.

Argued June 10, 1963.

Decided July 5, 1963.

Petition for Rehearing En Banc Denied Sept. 20, 1963.

Mr. Eliot C. Lovett, Washington, D. C., with whom Mr. Lee G. Lovett, Washington, D. C., was on the brief, for appellant.

Mr. Daniel R. Ohlbaum, Associate Gen. Counsel, F. C. C., with whom Mr. Max D. Paglin, Gen. Counsel, and Mrs. Louise H. Renne, Counsel, F. C. C., were on the brief, for appellee. Messrs. Richard M. Zwolinski, Ernest O. Eisenberg and Mrs. Ruth V. Reel, Counsel, F. C. C., also entered appearances for appellee.

Mr. Marcus Cohn, Washington, D. C., for intervenor. Messrs. Leonard H. Marks and Paul Dobin, Washington, D. C., also entered appearances for intervenor.

Before FAHY, WASHINGTON and DANA-HER, Circuit Judges.

PER CURIAM.

On May 15, 1958, in WORZ, Inc. v. Federal Communications Comm., 103 U. S.App.D.C. 195, 257 F.2d 199 (1958), we affirmed the order of the Commission granting television Channel 9 in Orlando, Florida, to Mid-Florida Television Corporation. The Supreme Court, in WORZ, Inc. v. Federal Communications Comm., 358 U.S. 55, 79 S.Ct. 114, 3 L.Ed. 2d 48, on October 27, 1958, upon the basis of representations made by the Solicitor General concerning possible ex parte communications made on behalf of Mid-Florida to Commissioner Mack, which if made had not been known when the case was before this court, vacated our judgment and remanded the cause to this court for such action as we should deem appropriate. On May 21, 1959, we va-

cated the order of the Commission which we had previously affirmed and remanded the case to the Commission,

"with instructions to hold, with the aid of a specially appointed hearing examiner, an evidential hearing to determine the nature and source of all *ex parte* pleas and other approaches that were made to Commissioners while the former proceeding was pending, and any other factors that might be thought to require either disqualification of some Commissioners from participating in the reopened proceeding or disqualification of some parties from receiving any award that may ultimately result. All parties to the former proceeding and to the present review may on request participate fully in the evidential hearing. The Commission is instructed to report its progress to this court within sixty days, together with any recommendations it is then able to make. In the discretion of the Commission existing services may be maintained.[3]

"3. Wrather-Alvarez Broadcasting, Inc. v. F. C. C., 101 U.S.App.D.C. 324, 329, 248 F.2d 646, 651."

WORZ, Inc. v. Federal Communications Comm., 106 U.S.App.D.C. 14, 15, 268 F.2d 889, 890 (1959). We retained jurisdiction pending our further order.

As a consequence of proceedings on the remand to it, the Commission, while not disturbing Mid-Florida's service allowed under an earlier authorization, and after filing interim reports with this court, filed its present Report and Recommendation under date of January 8, 1963.

The Commission had reopened the record and held a further hearing before a Chief Hearing Examiner on the issues pertinent to the remand. The Examiner made an Initial Decision, which the Commission considered before making its Report and Recommendation now before us. Chairman Minow filed a dissenting statement with the Report and Recommendation. At the request of parties we set the matter down for oral argument and for consideration on briefs directed to the Report and Recommendation.

All participating members of the Commission agree that neither Mid-Florida nor WORZ is disqualified but that the case should be considered anew on oral argument and a decision made on the merits by the present Commissioners, none of whom were aware of the ex parte contacts with Mack or permitted similar representations. The majority of the Commission recommend, however, that such new consideration be on the basis of the existing record, including the Initial Decision of the Hearing Examiner of August 10, 1955, and the exceptions thereto, with no further hearing contemplated and with no demerit to Mid-Florida by reason of the events which came to light and resulted in the remand.

The Chairman is of the view, which the majority of the Commission do not accept, that while Mid-Florida is not disqualified some demerit should be considered against Mid-Florida due to his view, along with that of the Examiner, that officers of Mid-Florida knew of the ex parte conversations of its counsel with Commissioner Mack. In light of some consequent impairment of Mid-Florida's qualification and, also, the "serious question concerning the character of WORZ's principals," discussed in the Commission's Decision of June 1957, Chairman Minow would recommend to the Court that the Commission be authorized to decide—after a new oral argument— whether to grant one of the existing applications (of Mid-Florida and WORZ) or to reopen the record for new applications.

We accept the view that neither Mid-Florida nor WORZ is disqualified; but in line with the Chairman's position we hold that the Commission is authorized to decide, after new oral argument, whether to grant one of the existing applications or to reopen the record for new applications. Furthermore, we hold in arriving at its decision on all matters, including the question of reopening, the Commis-

sion shall consider the serious question concerning the character of WORZ's principals. It shall also consider the weight to be given to the Roth incident at a time when Roth was secretary of Mid-Florida and a stock subscriber in the corporation, as well as the fact that, although the Commission has concluded Mid-Florida's principals were not aware of their attorney's ex parte communications with former Commissioner Mack, even so such communications were in fact made by Mid-Florida's attorney.

Nothing we have said is intended to preclude the Commission from deciding that the record is so stale,* the filing of new applications should be permitted. Mid-Florida has been operating on Channel 9 at Orlando under program test authority issued January 31, 1958, pursuant to the Commission's rules, but this authorization was granted prior to our affirmance on May 15, 1958, of the Commission's first comparative decision. Revelations as to various situations prior to that date and the more recent developments may point to the need for a new public interest determination of who should have the license to operate on the channel.

The record upon which the decisions by the Commission shall be made shall include also all proceedings had upon the remand of the case by this court to the Commission.

It is so ordered.

On Petition for Rehearing en Banc.

Before BAZELON, Chief Judge, and WILBUR K. MILLER, FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT and McGOWAN, Circuit Judges, in Chambers.

PER CURIAM.

On consideration of appellant's petition for rehearing en banc, of appellee's answer thereto and of intervenor's opposition to appellant's petition, it is

Ordered by the court, that appellant's petition is hereby denied.

DANAHER, Circuit Judge (concurring).

WORZ, Inc. seeking a rehearing en banc, has attacked this court's opinion of July 5, 1963, because of its alleged failure to provide adequate guidance to the Commission as it reconsiders on remand "all matters" to be presented. The Commission in its opposition expresses its view that "the court's opinion makes clear that it accepted the Commission's finding,[1] and rejected appellant's view of the record." Any such limited conclusion falls so far short of my interpretation of what this court was saying, I feel impelled to be specific as to why I joined in the opinion.

First, we accepted the Commission's majority conclusion that upon reconsideration neither Mid-Florida nor WORZ is to be deemed automatically disqualified, importantly because the Commission and the parties had not, in the day and time of it, had the benefit of the views expressed in the cases cited in footnote 1 of our opinion.

Next, we *rejected* the majority Commission recommendation that new consideration be merely "on the basis of

* It is unlikely that any of the incidents herein complained of would have occurred if either the Commission or the parties had had the benefit of our opinions in Massachusetts Bay Telecasters v. F. C. C., 104 U.S.App.D.C. 226, 261 F.2d 55 (1958), cert. denied, sub nom. WHDH, Inc. v. Federal Communications Comm'n, 366 U. S. 918, 81 S.Ct. 1094, 6 L.Ed.2d 241 (1961); WKAT, Inc. v. Federal Communications Comm., 103 U.S.App.D.C. 324, 258 F.2d 418 (1958); Sangamon Valley Television Corp. v. United States, 106 U.S.App.D.C. 30, 269 F.2d 221 (1959).

1. The Commission's memorandum thus interprets our opinion to say only that the record supports "the Commission's finding that the principals of Mid-Florida Television Corporation were not aware of and did not ratify certain *ex parte* presentations [*sic*] made by one William H. Dial."

We said more. We left open to the Commission to decide, in the first instance, whether Mid-Florida could insulate itself by unawareness from the consequences of improper activities expended in its behalf by its attorney.

the existing record," "with no further hearing contemplated and with no demerit to Mid-Florida by reason of the events which came to light and resulted in the remand." (majority opinion p. 619.) Instead, we specified that the Commission in its decisions "on all matters," (and there were many), shall review and consider the record which "shall include also all proceedings had upon the [previous]. remand of the case by this court."[2]

By "all matters," we intended, *inter alia,* to *include*: (1) a determination as to whether or not to reopen the record and to permit the filing of new applications and their consideration upon a new record[3]; (2) in making that decision, the reassessment by the Commission of the qualifications of both Mid-Florida and WORZ, Inc.; (3) that in reappraising such qualifications of the parties named, the Commission should weigh the serious question as to the character of WORZ's principals; at the same time, the Commission should weigh the effect of Mid-Florida's acceptance of whatever deceptive activities Roth had engaged in, as found by the Commission, at a time when he was secretary of and a stock subscriber in the Mid-Florida Corporation, and also show upon the record what effect the Commission would give to Roth's conduct and to Dial's *ex parte* activities in behalf of Mid-Florida at a time when he was acting as its attorney; in short, even if the Commission, contrary to its hearing examiner, could find that Mid-Florida's principals at the time did not know of such activities, whether or not Mid-Florida should be permitted to receive and retain the benefits, without being accorded the detriment, of the misconduct of its agents; (4) a decision by the Commission after new oral argument on all aspects of all matters, whether or not a new public interest determination should be ordered[4] since the record is so stale; and, finally, if so, acceptance of new applications from new untarnished applicants should not require excluding the present parties from participation in the reopened proceedings.

Our opinion in my understanding of it said at least this much, quite enough to enable the Commission to act accordingly. I vote against rehearing *en banc.*

2. We noted (majority opinion p. 620) that there were revelations of situations prior to our 1958 remand and more recent developments which might point to the need for a new public interest determination as to what licensee should be permitted to operate on Channel 9, Orlando.

3. Compare Fort Harrison Telecasting Corporation et al. v. Federal Communications Commission, 116 U.S.App.D.C. ——, 324 F.2d 379, p. 387 (1963).

4. Cf. Sangamon Valley Television Corp. v. United States, 111 U.S.App.D.C. 113, 294 F.2d 742 (1961).