**WORZ, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-MISSION, Appellee.**

**Mid-Florida Television Corporation, Intervenor.**

**No. 18772.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1965.

Decided March 4, 1965.

Mr. Edward P. Morgan, Washington, D. C., with whom Mr. Edward S. O'Neill, Washington, D. C., was on the brief, for appellant.

Mr. John H. Conlin, Counsel, Federal Communications Commission, for appellee. Messrs. Henry Geller, Gen. Counsel, Daniel R. Ohlbaum, Deputy Gen. Counsel and Michael Finkelstein, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Paul Dobin, Washington, D. C., with whom Mr. Martin Jay Gaynes, Washington, D. C., was on the brief, for intervenor.

Mr. Leonard H. Marks, Washington, D. C., also entered an appearance for intervenor.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

This case concerns an award of authority for a television station in Orlando, Florida, for which two competing applications were first filed, and the evidence taken, over a decade ago. The reasons why our initial affirmance of the grant to one of such applicants, WORZ, Inc. v. FCC, 103 U.S.App.D.C. 195, 257 F.2d 199 (1958), did not finally resolve the matter appear in our later decision of the same name, 116 U.S.App.D.C. 316, 323 F.2d 618 (1963), cert. denied, 376 U.S. 914, 84 S.Ct. 664, 11 L.Ed.2d 611 (1964). They have to do with the disclosure, subsequent to our first review, of *ex parte* representations to one of the Commissioners by an attorney for the successful applicant. This caused the Supreme Court to vacate our judgment, WORZ, Inc. v. FCC, 358 U.S. 55, 79 S.Ct. 114, 3 L.Ed.2d 48 (1958); and we remanded the matter to the Commission with directions to inquire into the question of improper conduct and the possible disqualification of any party found guilty thereof. Such a hearing was held by the Commission's Chief Examiner, who recommended that the successful applicant, Mid-Florida Television Corporation, be disqualified. A majority of the Commission did not accept the Chief Examiner's finding that Mid-Florida's principals had known of their attorney's activities on their behalf, and concluded to set the issue of the comparative award for a new oral argument upon the original record. The Chairman of the Commission dissented. He agreed with the

Chief Examiner's finding of guilty knowledge; and, although he would not have elevated this to an absolute disqualification, his recommendation was that we authorize the Commission to consider in the course of the proposed new argument (1) whether a demerit should be awarded to Mid-Florida by reason of its guilty knowledge, and (2) whether the record should not be reopened for new applications from any and all persons who might be interested.

We explicitly stated our acceptance of "the view that neither Mid-Florida nor WORZ is disqualified." 116 U.S.App. D.C. at 317, 323 F.2d at 619. But we agreed with the Commission's Chairman, rather than with its majority, as to what the Commission should be authorized to consider on reargument. Indeed, we went further and specified that the reconsideration should include other incidents which cast doubt upon the qualifications of both applicants. In particular, we broadly invited the Commission to consider whether, in the light of this unsatisfactory history and the staleness of the original record, the public interest would not best be served by reopening the proceedings, permitting new or additional applications to be filed, and making a choice among them on the basis of a new record. Our concern in this regard was emphasized by the concurring statement filed by Judge Danaher in explaining his vote against rehearing *en banc*.

■■■ The present review proceedings brings to us the Commission's determination, after reargument, not to avail itself of our invitation but, instead, to reaffirm the award to Mid-Florida on the basis of the record made ten years ago. Although the Commission apparently believed itself under no legal necessity of doing so, it has reexamined its refusal to accept its Chief Examiner's findings as to guilty knowledge of the *ex parte* communications on the part of Mid-Florida, and it adheres to that refusal. It does not believe that any other facts justify disqualification of either applicant or the giving of comparative demerits; and, looking to the original record, it finds Mid-Florida to be the better qualified, a choice which, we are reminded by a look at the old record, is contrary to that first recommended in 1955 by the examiner who presided at the hearing.

The Commission has, of course, a large area of discretion to decide between competing applicants for the privileges committed to its care, both generally and under the terms of our last remand in this proceeding. But this case has been beset throughout by a variety of dubious circumstances which, at the best, have prolonged the ultimate choice an unconscionably long period beyond the assembling of the facts upon which that choice must of necessity be based, and which, at the worst, leave a nagging uncertainty as to whether so vital a community facility as is involved here should not be exposed to what may possibly be wider interests than those represented by these two applicants. We are not prepared to say that the Commission is wrong in its appraisal of the significance to be accorded the lapses with which each party has been charged in these proceedings; and we would agree that, absent any new evidence bearing upon them, the time has come to end litigation about them. Neither are we prepared to say, however, that the guardianship of the public interest, entrusted by Congress to the Commission, is adequately effectuated by confining the choice to these two applicants in the light of facts put on the record over ten years ago. We think this proceeding should be reopened, with an adequate opportunity provided for the receipt of new applications from persons who have not hitherto appeared herein. With or without the filing of such new applications, the award of this authority should be set down for a new hearing. Temporary authority for the continued operation of the station may be granted by the Commission in its discretion.

The case is remanded to the Commission for further proceedings not inconsistent herewith.

It is so ordered.