BARCLAY HOME PRODUCTS, Inc., et al., Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 13305.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1957.

Decided Feb. 14, 1957.

Mr. F. Murray Callahan, Washington, D. C., with whom Mr. Benjamin H. Dorsey, Washington, D. C., was on the brief, for petitioners.

Mr. Ralph E. Becker, Washington, D. C., also entered an appearance for petitioners.

**452**

Mr. A. L. Berman, Atty., Federal Trade Commission, with whom Mr. Robert B. Dawkins, Asst. Gen. Counsel, Federal Trade Commission, was on the brief, for respondent.

Mr. Joseph B. Kennedy, Atty., Federal Trade Commission, also entered an appearance for respondent.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This petition, by a member of the Feather and Down Products Industry, seeks to set aside a Federal Trade Commission order [1] to cease and desist from engaging in certain unfair labelling practices. The order was based upon the Commission's determination that petitioner's labels, describing the kinds or types and proportions of filling materials contained in pillows, did not meet the standards of accuracy under the Trade Practice Rules for the Feather and Down Products Industry.[2]

In this court petitioner relies on grounds which stem from the Commission's acceptance of the results of tests conducted by its own expert witness and the rejection of those conducted by petitioner's experts.[3] These grounds were not urged before the Commission. We are, therefore, not bound to consider them now.[4]

We note our agreement, however, with the Courts of Appeals for the Third and Second Circuits [5] in sustaining the Commission's like evaluation of these tests

.1. Issued under § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

2. Promulgated by the Commission on April 26, 1951, 16 C.F.R. § 200 (Supp.1955).

3. These grounds are: "(1) that testimony of petitioners' experts had been totally disregarded because it was not styled in a manner made mandatory subsequent to its introduction; (2) that testimony of petitioners' experts had never been weighed; and (3) that rejection of testimony of petitioners' experts constituted an amendment to the Trade Practice Rules without notice to petitioners."

4. United States v. L. A. Tucker Truck

in related cases involving other members of this industry.

The petition to set aside is denied, and the Commission's order is affirmed.

So ordered.

Lines, 1952, 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54; Democrat Printing Co. v. Federal Communications Comm., 1952, 91 U.S.App.D.C. 72, 77–78, 202 F.2d 298, 303–304.

5. Northern Feather Works v. Federal Trade Comm. (Sumergrade v. Federal Trade Comm.), 3 Cir., 1956, 234 F.2d 335; Buchwalter v. Federal Trade Comm. (The L. Buchman Co. v. Federal Trade Comm., and Sanitary Feather & Down Co. v. Federal Trade Comm.), 2 Cir., 1956, 235 F.2d 344. Contra: Burton-Dixie Corp. v. Federal Trade Comm., 7 Cir., 1957, 240 F.2d 166; Lazar v. Federal Trade Comm., 7 Cir., 1957, 240 F.2d 176.