**ANCHOR LINE LIMITED et al.,**
**Petitioners,**

v.

**FEDERAL MARITIME COMMISSION**
**and United States of America,**
**Respondents.**

**No. 16257.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1961.

Decided Feb. 1, 1962.

Mr. Ronald A. Capone, Washington, D. C., with whom Messrs. Elmer C. Maddy, New York City, and Robert H. Binder, Washington, D. C., were on the brief, for petitioners.

Mr. Edward Schmeltzer, Federal Maritime Commission, with whom Messrs. Robert E. Mitchell, Deputy Gen. Counsel, Federal Maritime Commission, and Irwin A. Seibel, Dept. of Justice, were on the brief, for respondents. Mr. Richard A. Solomon, Dept. of Justice, also entered an appearance for respondent United States.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

In a report and order, decided December 14, 1959, and served March 2, 1960, the Federal Maritime Commission held that allegations of a complaint, charging petitioners with violations of § 15 of the Shipping Act, had not been sustained. After the complainants in that case filed a review petition in this Court, the Commission reopened the proceedings. Subsequently the Commission moved to dismiss the petition, but its motion was denied. Upon the original record and oral argument, the Commission entered a "second report and order," decided January 23, 1961, and served the following day, wherein it vacated its first report and order and held that petitioners had engaged in activities in violation of § 15 of the Act. Petitioners bring the instant petition to review and set aside the "second report and order."

■ Petitioners contend first that the Commission lacked authority to reopen the proceedings because a petition to review the first order was then pending in this Court.[1] We think, however, that the pendency of a review petition does not automatically bar reopening of an administrative proceeding. Wrather-Alvarez Broadcasting Inc. v. Federal Communications Comm., 101 U.S.App.D.C. 324, 248 F.2d 646 (1957). See Frontier Airlines Inc. v. Civil Aeronautics Board, 104 U.S.App.D.C. 78, 259 F.2d 808 (1958); WORZ, Inc. v. Federal Communications Comm., 106 U.S.App.D.C. 14, 268 F.2d 889 (1959). It is true that when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.[2] We do not condone the failure to follow that procedure. But since this failure was not prejudicial in the circumstances of the present case, we do not disturb the Commission's action in reopening the proceedings.

■ Petitioners also contend that the Commission failed to make findings in compliance with its rule that a reopening will be ordered if the Commission "*finds* such action is required by changed conditions in fact or law or by the public interest." 46 C.F.R. § 201.261 (1958) (emphasis supplied). But petitioners failed to raise this objection before the Commission, and we find no compelling reason to consider it. United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); Albertson v. Federal Communications Comm., 100 U.S.App.D.C. 103, 243 F.2d 209 (1957); Barclay Home Prod. v. Federal Trade Comm., 100 U.S.App.D.C. 46, 241 F.2d 451, cert. denied, 354 U.S. 942, 77 S.Ct. 1399, 1 L.Ed.2d 1537 (1957).

■ Petitioners also complain that the Commission's findings respecting their violations of § 15 are not supported by substantial evidence and reasons. We think the report and order under review, printed sub nom., Maatschappij "Zee-

1. The Shipping Act of 1916 provides that "the board may reverse, suspend, or modify upon such notice and in such manner as it deems proper, any order made by it." Shipping Act § 25, 39 Stat. 736 (1916), 46 U.S.C.A. § 824 (1958).

2. See Wrather-Alvarez Broadcasting Co. v. Federal Communications Comm., supra. Cf. Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952).

transport" N.V. (Oranje Line) v. Anchor Line Ltd., in Pike & Fischer Shipping Reg. 211 (decided Jan. 23, 1961), cite ample evidence and reasons to support the Commission's conclusions.[3] Accordingly, the order is

Affirmed.

---

**3.** Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); National Labor Relations Board v. Southland Mfg. Co., 201 F.2d 244 (4th Cir. 1952); Minkoff v. Payne, 93 U.S.App. D.C. 123, 210 F.2d 689 (1953). Petition-

ers have directed our attention to alleged discrepancies between a few statements in the Board's second report and order and certain advertisements appearing in the record. These discrepancies, if such they be, are too insubstantial to affect our decision.