Betty Hsu WANG, Plaintiff,

v.

REGIONAL MANPOWER ADMINIS-TRATOR OF the UNITED STATES DEPARTMENT OF LABOR, Defendant.

No. 72 C 1971.

United States District Court,
N. D. Illinois, E. D.

Dec. 1, 1972.

---

Samuel D. Myers, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., George N. Gilkerson, Jr., Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on motions of defendant for leave to file the Administrative Record and tó have this matter remanded to the Secretary of Labor for further determination by the reviewing officer and for inclusion in the Administrative Record of greater documentation of the basis for his decision, said activity to be completed no later than 60 days after the entry of this order. The motions are granted.

The complaint seeks declaratory judgment pursuant to 28 U.S.C. § 2201 and judicial review of the Regional Manpower Administrator's action with respect to plaintiff's application for an immigrant visa. Said review would be pursuant to 5 U.S.C. §§ 704 and 706.

Plaintiff, a citizen of China, made application for an immigrant visa for permanent residence pursuant to 8 U.S.C. § 1153(a)(3). A condition precedent for such a visa is certification by the Secretary of Labor that there are not sufficient workers in the United States to perform the work which the alien is destined to perform and that employment of "such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed." 8 U.S.C. § 1182(a)(14). The task of making such determination has been delegated to the Regional Manpower Administrators of the United States Department of Labor.

Plaintiff's visa application was denied on June 19, 1972 because defendant declined to issue the necessary certification. Plaintiff requested on two occasions that defendant reconsider its action, but both requests for reconsideration were allegedly denied, whereupon plaintiff brought this suit. Defendant now requests that the matter be remanded to it on the grounds that (1) the Administrative Record contains conflicting evidence regarding facts that were the purported basis for denying certification and (2) the reviewing officer's opinion indicates either an inadequate review or failure to review.

■ The pendency of a review petition does not bar the reopening of an administrative proceeding. See Anchor Line Limited v. Federal Maritime Commission, 112 U.S.App.D.C. 40, 299 F.2d 124, 125, cert. denied, 370 U.S. 922, 82 S.Ct. 1563, 8 L.Ed.2d 503 (1962). Rather, when an agency wants to reconsider its action, it should move to have the matter remanded or held in abeyance. Anchor Line Limited, *supra*.

Plaintiff opposes remand for further determination of the facts, and demands instead that the Court order defendant to grant the employment certificate. Even assuming, *arguendo*, that this Court has the power to order that the certificate be issued—perhaps on motion for summary judgment—such action would not be appropriate now.

■ This Court doubts, however, that it has power to order the defendant to issue the certificate. In the instant case the Court's function is to decide whether there has been an abuse of discretion or an error of law. Golabek v. Regional Manpower Administrator, U. S. Dept. of Labor, 329 F.Supp. 892 (E.D.Pa., 1971).

262

The Secretary of Labor has been granted responsibility for certification, 8 U.S.C. § 1182(a)(14), and the Court has found no authority to support a de novo review before it. Instead, it appears that when the administrative record does not support the Secretary's action, the Court must remand the matter for further administrative action.

Therefore, were this motion denied and were the plaintiff eventually to prevail on a motion for summary judgment, the matter would be remanded to the defendant. Consequently, remanding the matter at this time should not prejudice the plaintiff.

On remand, it is suggested that defendant weigh Judge Tone's opinion in Bitang et al. v. Regional Manpower Administrator of the U. S. Dept. of Labor, 351 F.Supp. 1342 (1972), in which he considers the standard governing defendant's discretion.

A separate order will be entered consistent with the foregoing.

So ordered.