BENMAR TRANSPORT & LEASING CORP., Petitioner,

v.

INTERSTATE COMMERCE COMMIS-SION and United States of America, Respondents,

and

Consolidated Truck Service, Inc., Intervenor-Respondent.

No. 1142, Docket 78–4005.

United States Court of Appeals, Second Circuit.

Argued July 17, 1978.

Decided Aug. 16, 1978.

---

**10.** It is interesting to note that although the agent testified at appellant's trial, he was not cross-examined on whether he was aware of a Robert Caime.

Eugene M. Malkin, New York City, for petitioner.

Carl E. Howe, Jr., Atty., I.C.C., Washington, D.C. (Mark L. Evans, Gen. Counsel, Henri F. Rush, Associate Gen. Counsel, I.C.C., Washington, D.C., John H. Shenefield, Asst. Atty. Gen., Robert L. Thompson, Atty., Dept. of Justice, Washington, D.C., of counsel), for respondents I.C.C. and U.S.A.

Charles W. Beinhauer, New York City (Beinhauer & Rouhana, New York City, of counsel), for intervenor-respondent Consolidated Truck Service, Inc.

Before MESKILL, Circuit Judge, and DUMBAULD * and PORT,** District Judges.

PER CURIAM:

Benmar Transport & Leasing Corp. petitions this Court to set aside an order of the Interstate Commerce Commission authorizing Consolidated Truck Service, Inc., to begin contract carrier service in competition with Benmar. This Court has jurisdiction under 28 U.S.C. §§ 2321 and 2342 and venue under 28 U.S.C. § 2343.

Review Board No. 1 of the I.C.C. denied Consolidated Truck's application on May 12, 1977. Division 1 of the I.C.C. reversed that decision on October 5, 1977. Benmar filed and served its petition for review by this Court on January 13, 1978. On its own motion, Division 1 reopened the proceedings in a decision dated January 25, 1978, and served on January 27. The express purpose of this reopening was to consider the issue of Consolidated's dual operations (common carrier and contract carrier) under § 210 of the Interstate Commerce Act, 49 U.S.C. § 310. As a result of this reopening and consideration, the Commission approved dual operations for Consolidated, as it was required to do in order for the grant of contract carrier authority to Consolidated to become effective. This happened prior to the time the agency filed the record with this Court.

Section 2349 of Title 28, the statute governing petitions to review federal agency orders, provides that "[t]he court of appeals has jurisdiction of the proceeding on the filing and service of a petition to review." 28 U.S.C. § 2349. The United States Court

---

* Hon. Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

** Hon. Edmund Port, Senior District Judge of the Northern District of New York, sitting by designation.

of Appeals for the District of Columbia Circuit has determined that "[o]nce a petition to review has been filed in court, the [administrative agency] has no authority to conduct further proceedings without the court's approval. The reviewing court must order a remand if there is to be provision for further administrative consideration." *Greater Boston Television Corp. v. F. C. C.,* 149 U.S.App.D.C. 322, 337, 463 F.2d 268, 283 (1971), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972). In an earlier case, that same Court determined that "the pendency of a review petition does not automatically bar reopening of an administrative proceeding. . . . It is true that when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency. We do not condone the failure to follow that procedure." *Anchor Line Ltd. v. Federal Maritime Commission,* 112 U.S.App.D.C. 40, 41, 299 F.2d 124, 125, *cert. denied,* 370 U.S. 922, 82 S.Ct. 1563, 8 L.Ed.2d 503 (1962) (citations and footnote omitted). No such application was made here. Thus, the only order properly before us for review is the October 5th order, which lacked the statutorily-required finding that it was consistent "with the public interest and with the national transportation policy," as declared in the Interstate Commerce Act, for Consolidated to be granted authority for dual operation. 49 U.S.C. § 310.

Accordingly, we grant the petition, vacate the October 5, 1977, order of Division 1 of the I.C.C., and remand for further proceedings.