**Eugene J. BROUSSARD,
Plaintiff-Appellant,**

v.

**The UNITED STATES POSTAL SERVICE, William F. Bolger, in his official capacity as Postmaster General of the United States, et al., Defendants-Appellees.**

No. 81–1387.

United States Court of Appeals,
Fifth Circuit.

May 7, 1982.

Rehearing Denied June 2, 1982.

1232, 51 L.Ed.2d 424 (1977), fit this case.

Roger Lee, Wichita Falls, Tex., Fulbright & Jaworski, David J. Beck, Mary K. Mullenhoff, Houston, Tex., for plaintiff-appellant.

William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., Stephen E. Alpern, Associate Gen. Counsel, U. S. Postal Service, Washington, D. C., Larry B. Anderson, Atty., Western Region, U. S. Postal Service, San Bruno, Cal., Freddi Lipstein, William Kanter, Attys., U. S. Dept. of Justice, Civ. Div., Washington, D. C., for defendants-appellees.

Before WISDOM, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff, Eugene J. Broussard, brought this action for judicial review of his termination from his position as postmaster of the Wichita Falls, Texas, post office. Seeking reinstatement and damages, Broussard sued the United States Post Office, the

Federal Employee Appeals Authority ("FEAA") of the former Civil Service Commission (the "Commission"),[1] and ten individual defendants who are or were employees of the Commission or the postal service. The district court: 1) dismissed Broussard's claims against the individual defendants for lack of jurisdiction; 2) held that Broussard's claim against the postal service was barred for failure to exhaust administrative remedies; and 3) affirmed the Commission's holding that the Commission lacked jurisdiction to consider the merits of Broussard's claim that he had been wrongfully discharged, because Broussard was not a "preference eligible" veteran. Broussard appeals. We conclude: 1) that Broussard does not have a private cause of action against the individual defendants; and 2) that the Commission's conclusion that it lacked jurisdiction over Broussard's claim is correct. Accordingly, we affirm the district court's holding with respect to these issues. However, because Broussard was not given adequate notice of his appeal rights, we reverse the district court's holding that Broussard's claim against the postal service is barred, and we direct that the case be remanded to the postal service for a hearing on the merits of Broussard's claim.

## I. *The Factual Background*

Broussard, a sixteen-year federal employee, became the Wichita Falls postmaster in 1973. In March and April of 1978, postal inspectors conducted an investigation of Broussard and uncovered evidence that Broussard had been engaged in unethical conduct while acting as postmaster. After considering this evidence, Broussard's superiors mailed Broussard two letters—a "notice of proposed emergency suspension" and a "notice of proposed adverse action."

Broussard denied the allegations of improper conduct, and he presented his case, orally and in writing, to the appropriate postal officials. Nevertheless, the postal officials remained convinced that Broussard had acted in a highly improper manner, and Broussard was notified first that he would be suspended, and subsequently that he would be terminated from postal employment.

Broussard desired to appeal the decision to terminate him. Postal employees classified as "preference eligible" veterans, as defined by 5 U.S.C. § 2108, had the option of appealing adverse employment decisions either to the Civil Service Commission *or* to the postal service's internal appellate authorities. *See* 39 U.S.C. § 1005(a)(2); Postal Service Employee and Labor Relations Manual ("ELRM") § 662.1. Postal employees who were not preference eligible veterans had no such option—they could only appeal through the postal service internal appellate route. *See* 5 C.F.R. § 752.-103(a)(6) (1977).

Broussard preferred to appeal to the Commission, and, at first blush, he appeared to be entitled to do so, because he had been classified as a preference eligible throughout his entire sixteen-year tenure as a federal employee. However, on the same day that Broussard was suspended, the postal service sent him a letter advising him that a review of his personnel folder had revealed that he was not entitled to preference eligible status. Broussard felt that he was entitled to preference eligible status and that the postal service's contrary conclusion was erroneous.

Thus, although Broussard wanted to appeal to the Commission, he could only do so if he could first convince the appropriate officials that he was indeed entitled to preference eligible status. More importantly,

1. Effective January 1, 1979, the Civil Service Commission was reorganized into the Merit Systems Protection Board (Board) and the Office of Personnel Management (OPM). The Civil Service Reform Act of 1978 specified that the adjudicating functions of the Commission would be administered by the independent Board while the management functions of the Commission would become the province of OPM. See Public Law 95–454, 92 Stat. 1111, *et seq.* For the purposes of this opinion, we shall refer to the Civil Service Commission rather than the Board or OPM, because Broussard complains of the actions of the former Commission.

because postal regulations provided that an appeal to the Commission would be regarded as a waiver of the right to appeal to the internal postal service appellate authorities, see ELRM § 662.1, Broussard needed a method by which he could have the preference eligibility issue resolved *before* he was obliged to file his appeal either to the Commission (if he was entitled to preference eligible status) or to the postal service internal appellate authorities (if he was not entitled to preference eligible status).

The letter informing Broussard that he was deemed not to be entitled to preference eligible status did not inform him as to how he might obtain review of that decision. And the letter informing Broussard of his termination advised him only that he had a right to appeal via the internal postal service route. In response to the termination notification, Broussard, through counsel, informed the postal service that he disputed its conclusion that he was not a preference eligible veteran. He declared that he would "pursue his rights of appeal to the U.S. Civil Service Commission." However, because the question of preference eligibility was disputed, Broussard stated that he wished to take an internal postal service appeal, an appeal "subject to and conditional upon a final denial of Mr. Broussard's veteran's preference, and a dismissal of his concurrent appeal to the . . . Commission." Broussard asked that the internal postal service proceedings be held in abeyance for a period of sixty days, "or until such earlier time as Mr. Broussard's rights of veteran's preference and of appeal to the . . . Commission are finally determined by that agency."

In reply, On May 4, 1978, the postal service sent Broussard's counsel a letter advising that a conditional appeal would not be acceptable. Although the letter clearly indicated that by filing concurrent appeals, Broussard had chosen an improper method of resolving the threshold jurisdictional question whether Broussard was entitled to preference eligible status, the postal service indicated that there was a different method by which the veteran's preference issue could be resolved, a method that would preserve Broussard's right to appeal to the Commission if he won on this threshold issue, and his right to appeal to the postal service if he lost on this issue. The letter stated:

> The question of veteran's preference is a separate issue which we feel could be determined in a matter of a few days. We would be happy to cooperate with the Civil Service Commission and furnish whatever information they desire to determine Mr. Broussard's status. We cannot however, agree to a sixty-day extension. It appears to us that the time between now and May 31, 1978 [the deadline for filing an internal postal service appeal], is sufficient for that determination.

A subsequent letter from the postal service to Broussard's attorney reiterated that the service would not honor a conditional appeal, and restated the postal service's opinion that "the question of veteran's preference can be resolved without an appeal to the FEAA." Significantly, neither letter specified *how* Broussard could secure a final decision on the veteran's preference issue "in a matter of days," and "without an appeal to the FEAA." Instead, both letters simply suggested, rather vaguely, that there was some unspecified method by which this could be done.

In response to these letters, Broussard noted in his reply letter of May 16, 1978 that he only wanted to await the Commission's determination of a collateral "procedural point," i.e., the veteran's preference issue. Broussard requested a written clarification of "the postal service position with regard to the determination for appeal purposes of the veteran's preference."

Two days later, however, without awaiting the requested clarification from the postal service, Broussard filed a formal appeal with the Commission. Although Broussard now asks this court to interpret this as an appeal of only the veteran's preference issue, it is clear that Broussard asked the Commission to consider the merits of his

termination, in addition to the veteran's preference issue.[2]

Subsequently, without providing the requested clarification as to the veteran's preference question, the postal service informed Broussard that, because he was persisting with his appeal to the Commission, his appeal to the postal service was unacceptable. The service, through its regional postmaster, declared that it "consider[ed] the matter closed."

Broussard appealed the regional postmaster's decision to the Assistant Postmaster General ("APG") in charge of employee relations. Broussard argued that his "case was in effect dismissed below on the procedural point of whether the employee could contend that he was entitled to Veteran's Preference and preserve his rights of appeal thereby, while at the same trial pursuing an appeal through the postal service." The APG, however, affirmed the rejection of Broussard's appeal. The APG conceded that the issue of Broussard's entitlement to preference eligible status was "ultimately a matter for the Civil Service Commission to adjudicate." However, because Broussard had, despite warnings, persisted with his attempt to file dual appeals, the APG deemed the regional postmaster's actions to be proper, and he rendered a "final decision" to this effect.

Having lost any possibility of a postal service appeal, Broussard at this point could only hope that the Commission would rule in his favor on the veteran's preference issue, so that he could receive review of the merits of his termination from the Commission. However, the Commission found that Broussard was not a "veteran" within the meaning of 5 U.S.C. § 2108, that he was therefore not entitled to preference eligibility, and that the Commission therefore lacked jurisdiction to consider the merits of his termination. Accordingly, Broussard's appeal to the Commission was dismissed.

## II. *The Proceedings Below*

After the Commission dismissed his appeal, Broussard commenced the present action in the district court. In addition to invoking the district court's *appellate* jurisdiction to review the administrative decisions of the postal service and the Commission, Broussard invoked the court's *original* jurisdiction by joining direct claims for damages against the postal service, the Commission, and the individual employees of the two agencies who were said to be responsible for Broussard's allegedly wrongful discharge.

The postal service responded to this suit in a rather novel manner. Even though Broussard had received a "final decision" that he had waived his right to a postal service appeal by appealing to the Commission, the service now decided to waive this procedural argument and grant Broussard a hearing. The service then asked the court to dismiss the case because administrative proceedings were still pending.

Broussard felt that, because he had filed suit, the postal service could not unilaterally reopen the administrative proceedings. He decided not to participate in the hearing scheduled by the postal service, and he filed a motion in the district court to abate the postal service hearing. However, before the court could rule on this motion, the hearing was held. Broussard did not attend.

The court subsequently denied the postal service's motion for dismissal and, *sua sponte*, requested that the following two issues be briefed on cross-motions for summary judgment:

1. Whether it is a denial of due process to require a postal employee to waive his rights to appeal the merits of a dismissal through the United States Postal

**2.** Broussard's letter to the Commission began:
A Letter of Decision—Adverse Action—Removal, effective May 16, 1978, has been received by Wichita Falls, Texas Postmaster Eugene J. Broussard. A copy of that document is attached.

The employee, Eugene J. Broussard, appeals to your agency that decision, and requests a timely hearing.

Service in order to obtain a ruling on his status as a veteran's preference eligible where there is a dispute and a ruling would determine his entitlement to an appeal through the Federal Employees Appeal Authority.

2. If it is a denial of due process to require such a waiver, whether the Court should remand to the agency for an evidentiary hearing or determine the existence of substantial evidence to support the dismissal from the present administrative record.

In response, the postal service frankly conceded that the court's first hypothetical had to be answered "yes it is a denial of due process." However, the service argued that it had not forced Broussard to waive any of his postal service appellate rights in order to obtain a ruling from the Commission on his preference eligibility status. The postal service noted that Broussard had appealed the *merits* of his termination to the Commission (in addition to the veteran's preference question), and that, in any event, the service had offered him a hearing but he did not attend.

■ After receiving a plethora of briefs on these and other issues, the court issued several memorandum opinions and orders dismissing the direct actions [3] and setting a schedule for completion of discovery, supplementation of the record, and final disposition of the action. In one of these opinions, the court expressed doubt that the postal service's unilaterally-scheduled hearing, offered after the commencement of litigation, could have any effect upon Broussard's rights in this action:

Had this matter been made the subject of a motion to remand, the Court could have considered the adverse issues in an orderly fashion and compelled plaintiff's attendance at a hearing, if remand was indicated, with an understanding on all sides about the nature of the hearing, its effect on other issues and the timing of further proceedings. If plaintiff had refused to appear and present his case under those circumstances, the Court would be in a position to find a dispositive failure to exhaust. However, the Court declines to treat the simple belated resumption of administrative action as a circumstance requiring the litigant to return to the agency to exhaust whatever irregular proceedings the agency is prepared to offer. The minimal burden involved in first aproaching the court with a motion to remand when the agency has determined that further action is advisable is greatly outweighed by the clarification of positions that would result from an orderly consideration of the aggrieved party's objections to remand.[4]

Perhaps taking its cue from this opinion, the postal service, without admitting any impropriety, expressed its willingness to provide Broussard with another hearing, and moved for a remand of the case to it, with instructions to grant another hearing to Broussard. Broussard opposed this motion and requested a remand to the Commission, based on the contention that he was entitled to veteran's preference status as a matter of law. The court deferred ruling on both motions pending completion of the record.

Thereafter, the record was completed and the opposing litigants renewed their cross-motions for summary judgment. At this time, the postal service expressly stated that it would *not* argue that the plaintiff's failure to participate in the unilaterally-

3. Broussard argued that he could maintain a *Bivens*-type implied private action for damages against the individual defendants for alleged violations of his constitutional due process rights. The district court found (and we agree, see V, *infra*) that no *Bivens*-type remedy could be implied under the facts of this case.

4. Although the district judge did not cite any authority in support of his conclusion, his instinct was totally in accord with the prevailing jurisprudence. The rule is that once a judicial suit is filed, an agency should not unilaterally reopen administrative proceedings—the agency should first ask the court to remand the case to it. *See, e.g., Exxon Corp. v. Train*, 554 F.2d 1310, 1316 (5th Cir. 1977); *Anchor Line Ltd. v. Federal Maritime Comm'n.*, 299 F.2d 124, 125 (D.C.Cir.), *cert. denied*, 370 U.S. 922, 82 S.Ct. 1563, 8 L.Ed.2d 503 (1962).

scheduled hearing constituted a failure to exhaust administrative remedies. Instead, the postal service returned to its original argument that Broussard, by persisting with his appeal to the Commission, waived his right to a postal service appeal and therefore failed to exhaust his administrative remedies. Accordingly, the postal service asked for summary judgment in its favor.

The district court, without ruling on the still-pending motions for remand, agreed with the postal service and held that Broussard's suit against the postal service was barred for nonexhaustion of administrative remedies. In addition, the court affirmed the Commission's decision that Broussard was not entitled to veteran's preference status. Thus, judgment was granted in favor of the defendants.

Broussard then perfected this appeal. He reurges his contention that he is a preference eligible veteran and that the Commission therefore acted improperly by refusing to consider the merits of his appeal. He further contends that the postal service denied him due process and violated its own regulations by failing to accord him a timely hearing. Finally, Broussard contends that the lower court erred by dismissing his direct claims against the individual defendants. Finding that Broussard is entitled to a hearing before the postal service, we reverse the dismissal for nonexhaustion of administrative remedies and direct that the case be remanded to the agency for a hearing. In all other respects, we affirm the district court's judgment.

III. *The Commission's Decision Must Be Affirmed, Because Broussard Is Not a Preference Eligible Veteran*

The threshold issue, the issue that can rightfully be said to have spawned this entire litigation, is whether Broussard is a preference eligible veteran within the meaning of 5 U.S.C. § 2108. If he is entitled to preference eligible status, then undisputedly Broussard is entitled to have this case remanded for a hearing before the Commission's successor agency (the Merit Systems Protection Board, see note 1 *supra*).

Although below Broussard asserted several theories regarding his entitlement to preference eligible status, for purposes of this appeal he has apparently abandoned all but one of these theories. He contends that he was entitled to preference eligible status because he has a service-connected disability.

The relevant statute, 5 U.S.C. § 2108(3)(C), provides that a person is "preference eligible" if he is "a disabled veteran." A disabled veteran is defined as "an individual *who has served on active duty in the armed forces,* has been separated therefrom under honorable conditions, *and* has established the present existence of a service-connected disability or is receiving [disability benefits or other specified military benefits]." *Id.* § 2108(2) (emphasis added).

The Commission found: 1) that Broussard had *not* served on active duty in the armed forces, and 2) that he had *not* established a service-connected disability. With regard to the first finding, the Commission found that, because all of Broussard's full-time duty was *for training only*, he had not served on "active duty" within the meaning of 5 U.S.C. § 2108. This conclusion was said to be based on chapter 211, subchapter 1–1a(1) (now chapter 211, subchapter 2–1(2)) of the Federal Personnel Manual, which defines "active duty" as "Full time duty with military pay and allowances in the armed forces, *except for training* or for determining physical fitness" (emphasis added). Broussard has not challenged this finding, which we believe is dispositive of the veteran's preference issue.

Broussard *does* challenge the district court's affirmance of the Commission's finding that he had not established a service-connected disability. The Commission's conclusion on this point was based on a Veteran's Administration (VA) finding to this effect, a finding that was *reversed* by VA appellate authorities about one year *after* the Commission rendered its decision. The district court held that this subsequent

VA action could not affect the validity of the Commission's prior decision.

We are inclined to believe that Broussard would be entitled to a remand to the Commission's successor agency for a redetermination of the preference eligibility issue, if during the pendency of judicial review the VA's subsequent finding of a service-connected disability would have restored to Broussard the preference eligibility status he had enjoyed during his entire sixteen years of postal employment. However, we do not deem the service-connected disability controversy to be material. The Commission's decision must be affirmed regardless of whether Broussard is entitled to the benefits of the VA appellate ruling declaring his service-connected disability, because Broussard has not challenged the finding that he never served on "active duty" within the meaning of 5 U.S.C. § 2108. A contrary finding on this point seems to be an essential prerequisite to a finding of preference eligibility, even for those with a service-connected disability. See *supra.* See *also* Federal Personnel Manual, chapter 211, subchapter 2–1(6), footnote 2 ("[E]ven an individual who is receiving [disability compensation from the VA] is not eligible for preference, unless he or she has met the requirement of having served on active duty, other than for training, as defined in 2–1(2) of this section.") Although Broussard's disability was service-connected and incurred during full-time military service, as a member of the United States Marine Corps Reserve, the active duty during which Broussard was injured was undisputedly for training only, and, under an administrative interpretative regulation approved by the district court as reasonable and not challenged on appeal, it thus did not constitute "active duty" within the meaning of 5 U.S.C. § 2108.

Accordingly, Broussard is not a preference veteran, the Commission properly dismissed his appeal, and the district court correctly affirmed the dismissal.

### IV. *Broussard is Entitled to a Hearing Before the Postal Service*

As we see it, both Broussard and the postal service must share the blame for the unfortunate set of circumstances that led to Broussard's failing to receive any hearing from anyone on the merits of his termination. Broussard, on the one hand, failed to heed express warnings not to seek Commission review of the merits of his termination while seeking Commission review of the preference eligibility issue. Also, Broussard acted rather precipitously by filing his Commission appeal on May 18, without first awaiting the clarification of the postal service position that he had requested just two days previously.

The postal service, on the other hand, failed to provide Broussard with sufficient information as to how he could obtain a dispositive ruling on the threshold veteran's preference issue while preserving his right to a postal service appeal of the merits if he lost on this threshold issue, and his right to a Commission appeal if he won. The postal service: 1) conceded that the Commission had the ultimate authority to adjudicate the veteran's preference issue; 2) conceded that Broussard had the right to seek review of the veteran's preference issue without waiving his postal service appeal rights; 3) informed Broussard that the procedural course he was taking in hope of preserving his rights (*i.e.*, concurrent appeals) was improper; 4) hinted that there was some other course that would be proper; *but* 5) failed, despite request, to provide information about the unspecified proper course. We find that this failure to provide Broussard with this information violated Broussard's right, as provided by ELRM § 661.34, to notification of his "appropriate appeal rights, including Veterans' Preference Act appeal rights."

It appears that a good part of the problem arises from the complex division of authority between administrative agencies in the determination of the veteran's preference status of a federal employee. As we understand it, no less than three agencies—the Commission, the VA, and the employing agency—all have a role to play in this determination. And this issue simply must be

definitively resolved before an employee such as Broussard can make an informed decision as to where to appeal the merits of a termination or other "adverse action."

Of course, the ideal solution is for agencies to resolve preference eligibility questions long *before* any "adverse action" against an employee is necessary. While this will not always be possible, in the present case the government allowed Broussard's claim to preference eligible status to remain unchallenged for sixteen years. Where, as here, for whatever reason, an employee is notified simultaneously of an adverse action and of a change in his preference eligible status, the present administrative system gives rise to clashes of important conflicting interests. The employee has a strong interest in preserving his appellate options while he appeals the veteran's preference issue, perhaps all the way to the United States Supreme Court. The employer, in contrast, has a strong interest in requiring the employee to choose quickly between alternative appellate routes. The employer could ill afford to hold adverse action review proceedings in abeyance for the years it would take an employee to exhaust administrative and judicial procedures in connection with the veteran's preference issue, because during this time witnesses' memories would dim and the employer's potential back pay liability would increase.

The postal service did tell Broussard that the veteran's preference issue could be resolved "in a matter of days" and "without an appeal to the FEAA." Although the postal service has never clarified exactly how this could have been done, as best as we can understand, the postal service was suggesting that Broussard could: 1) appeal the threshold preference eligibility issue, but *not* the merits of his termination, to the Commission; 2) request expedited treatment of this limited appeal; 3) obtain the Commission's decision prior to the expira-

tion of the fifteen-day limitations period for filing an appeal of the merits of his termination; and then 4) timely file his appeal of the merits of his termination with the appropriate agency (the Commission if he won on the threshold issue; the postal service if he lost).

■ If this is in fact what the postal service was suggesting (and, of course, we are by no means certain of this), then this should have been spelled out explicitly to Broussard, especially in view of the fact that he expressly requested a clarification. The postal service's own regulations require it to notify an employee subject to termination of his "appropriate appeal rights, including Veterans' Preference Act appeal rights." ELRM § 661.34.. In most cases, this should be a simple task—if the employee is undisputedly not a preference eligible veteran, he can be accurately informed that he can appeal only through the postal service; if he undisputedly is preference eligible, he can be informed of his option to appeal either to the postal service or to the Commission. However, where, as here, preference eligibility is disputed, then it is impossible for the postal service meaningfully to inform the employee of his "appropriate" appeal rights without including a clear and accurate explanation as to how he can obtain resolution of the veteran's preference issue without waiving his right to an appeal of the merits of his termination. We find that, under ELRM § 661.34, the postal service should have provided Broussard with such an explanation,[5] at least after he requested it, and that Broussard is entitled to have. this case remanded for a hearing before the postal service.

Because we have previously rejected Broussard's claim to preference eligible status, the postal service is the only agency with jurisdiction to consider his appeal.

In view of our finding that the postal service acted contrary to its own regulation,

---

5. Analogously, when disciplinary action is taken by an agency against a career employee entitled to review by the Commission, the agency is required to notify the employee in writing of his right to appeal to the appropriate office of the Commission, of the time limits, and of "[w]here he [the employee] may obtain information as to how to pursue an appeal." 5 CFR § 752.202(f) (1977).

we need not decide whether the postal service's actions deprived Broussard of his constitutional right to due process of law. We also need not decide whether the method impliedly suggested by the postal service for resolving the veteran's preference issue (*i.e.*, a limited expedited appeal to the Commission, with the issue to be finally resolved within fifteen days) comports with due process. Presumably, the postal service would argue that the employee should have to choose between appellate routes soon after receiving the Commission's expedited decision as to his preference eligibility, while the employee would argue that, if the Commission's decision is adverse to him, he should be entitled to await the results of judicial review before being forced to choose. We suggest that the concerned agencies work out a procedure that will eliminate the need for any court ever to have to decide the difficult issues implicated where the employee's appellate rights are jeopardized by agency action that simultaneously both disciplines him and deprives him of a previously-recognized clear procedural remedy because of a change in the veterans preference status previously accorded him during the period of his government employment.

We additionally note that, even if the postal service had been acting within its rights by treating Broussard's appeal to the Commission as a waiver of his postal service appellate rights, the postal service was willing to ameliorate the harsh effect of its ruling by offering Broussard a hearing and moving to remand the case to it. By granting summary judgment to the postal service without ruling on the motion to remand, the district court, in effect, granted less relief to Broussard than the postal service was willing to give. In any event, we find that Broussard is entitled to a hearing, and we direct that the case be remanded to the postal service for such.[6]

## V. *Broussard Does Not Have a Private Right of Action Against the Individual Defendants*

Broussard's remaining contention, that the district court erred by dismissing his claim against the individual defendants, requires only brief comment. Broussard contends that the individual defendants violated his constitutional due process rights by failing to grant him a hearing, and that he is therefore entitled to damages pursuant to a *Bivens*-type implied private right of action under the fifth amendment of the constitution. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

This court recently held, however, that federal employees have no *Bivens*-type remedy against their employment superiors. *Bush v. Lucas*, 647 F.2d 573 (5th Cir. 1981). The *Bush* court found that, by providing federal civil servants with a comprehensive, judicially-reviewable administrative remedy for violations of their rights, "Congress has taken to carefully balance the employee's rights as a citizen with the Government's interest in the efficient conduct of the nation's business." 647 F.2d at 576–77. The court also noted that the inference of a *Bivens*-type remedy would undermine the government's control over its internal personnel affairs, encourage aggrieved employees to bypass statutory and administrative remedies, and provide a disincentive for Congress to improve administrative mechanisms. *Id.* at 577.

Broussard argues that *Bush* is distinguishable because *Bush* involved only a demotion, whereas the present case involves a termination, and because, in the present case, the defendants allegedly have conspired to deny him access to the available administrative remedies. We find these distinctions to be unpersuasive, and we deem *Bush* to be controlling. We have

---

**6.** Broussard contends (without the support of any evidence) that the postal service is "biased" against him and will not provide him with a fair hearing. He therefore asks that this case be remanded not to the postal service, but

to the district court for a *de novo* hearing. However, we refuse to presume that the postal service will not grant Broussard a fair hearing. Any irregularity can be corrected by judicial review subsequent to the hearing.

concluded that Broussard is entitled to a hearing before the postal service; that hearing and subsequent judicial review will provide Broussard with a full and fair opportunity to vindicate his rights. Accordingly, we hold that the district court correctly dismissed Broussard's claims against the individual defendants.[7]

*Conclusion*

We find that Broussard is not entitled to veteran's preference eligible status, and that he cannot maintain a private action against the individual defendants. We therefore AFFIRM the district court on these two issues. We conclude that Broussard is entitled to a hearing before the postal service, and that the district court's contrary finding must accordingly be REVERSED. The case is REMANDED to the district court, with instructions to remand the case to the postal service for a hearing on the merits of Broussard's termination.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**7.** Because Broussard's claim against the individual defendants is nonfrivolous and it "arises under" the federal constitution, the district court technically erred by dismissing this claim for lack of jurisdiction rather than for failure to state a claim upon which relief could be granted. *See Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.) cert. denied, U.S. · , 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). The error is immaterial.