**Jerry DRUMMOND, Plaintiff,**

v.

**John W. MERRITT, Defendant.**

**Civ. A. No. 3–86–0623–F.**

United States District Court,
N.D. Texas,
Dallas Division.

May 21, 1986.

Jerry Drummond, pro se.

Marvin Collins, U.S. Atty., Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant.

## ORDER OF DISMISSAL

ROBERT W. PORTER, District Judge.

CAME ON for consideration this date, defendant's Motion to Dismiss the above-styled and numbered cause, pursuant to Rules 12(b)(1) and 12(b)(6), F.R.Civ.P., for want of jurisdiction by reason of the failure of plaintiff to exhaust his administrative remedies and for failure to state a claim upon which relief can be granted with respect to plaintiff's monetary claim against plaintiff's supervisor, the defendant, John W. Merritt, in his individual and personal capacity, as distinguished from his official capacity as an officer and employee of the United States Postal Service. The defendant seeks the dismissal of this suit without prejudice insofar as plaintiff has a claim against the United States Postal Service, and/or defendant Merritt in his official capacity, arising out of a dispute concerning plaintiff's sick leave, for the reason that plaintiff failed to exhaust his available administrative remedies through the grievance-arbitration procedure under the collective-bargaining agreement to which plaintiff is subject. The defendant seeks the dismissal of this action, however, with prejudice, to the extent it has been plaintiff's intention to sue his supervisor in his individual and personal capacity.

■ This Court has a "mandatory duty" to examine and determine its jurisdiction in all cases before it and to dismiss a case over which it has no jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157–1159 (5th Cir.1981). Upon consideration of the arguments and authorities set forth in Defendant's Motion to Dismiss and brief in support thereof and based upon the sworn verification of defendant Merritt and the affidavit of Floyd Patrick, the Court has concluded, treating the allegations of plaintiff's *pro se* as true, under *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and affording plaintiff the full liberality of judicial scrutiny as a *pro se* litigant, that defendant's motion to dismiss should be granted. Accordingly, the Court finds and concludes as follows:

I. This suit was originally filed in the Justice of the Peace Court of Dallas County on February 10, 1986, bearing Docket Number JC86–93864B. The suit was timely and properly removed to this Court upon the sworn, verified Petition for Removal, filed by the United States Attorney on March 7, 1986, pursuant to 28 U.S.C. § 1441, 1442, 1446 and 39 U.S.C. § 409.

II. The plaintiff, Jerry Drummond, is an employee of the United States Postal Service. The defendant, John W. Merritt, is plaintiff's supervisor and is also an officer and employee of the United States Postal Service. The dispute giving rise to this litigation pertains exclusively to a sick leave dispute resulting from defendant Merritt's denial of a sick leave claim submitted by plaintiff Drummond.

Recognizing, as stated before, that the plaintiff is entitled to every consideration as a *pro se* litigant, who does not have counsel to represent him, the Court finds that plaintiff has, nevertheless, failed to exhaust the administrative remedies available to him through the grievance-arbitration procedure under the collective-bargaining agreement between plaintiff's union and the United States Postal Service. Plaintiff could have filed a grievance concerning his sick leave dispute but did not do so. Thus this suit must be dismissed. *McLean v. United States Postal Service*, 544 F.Supp. 821 (W.D.Pa.1982). To the extent plaintiff desires to pursue this claim,

he must do so in the proper administrative forum through his union. To allow, but also to require this result, insofar as plaintiff desires to pursue any claim against the United States Postal Service, concerning his sick leave,

IT IS ORDERED that defendant's motion to dismiss be and the same is hereby GRANTED; and the above-styled and numbered cause is DISMISSED WITHOUT PREJUDICE as to the United States Postal Service, which is not a party herein, and as to John W. Merritt, defendant, in his official capacity.

■ III. To the extent that it has been the intention of the plaintiff to bring suit against his supervisor, defendant John W. Merritt, in his individual and personal capacity, the Court finds that at all times pertinent hereto, said defendant was acting within the scope of the duties and responsibilities of his official employment with the United States Postal Service, regardless of whether or not the defendant made a mistake or was clearly wrong in denying plaintiff's sick leave claim.

In the context of employment with the federal government where, as here, the plaintiff has a complete administrative remedy process available to him through the grievance-arbitration procedure under the collective bargaining agreement governing plaintiff's employment, the plaintiff may not sue his supervisor in his individual and personal capacity in state or federal court. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Broussard v. United States Postal Service*, 674 F.2d 1103 (5th Cir.1982). Accordingly,

IT IS FURTHER ORDERED that defendant's motion to dismiss the above-styled and numbered cause with prejudice as to defendant, John W. Merritt, in his individual and personal capacity, be and the same is hereby GRANTED; and the above-styled and numbered cause is hereby ordered DISMISSED WITH PREJUDICE, as to the named defendant herein, John W.

Merritt, in his individual and personal capacity.

IT IS SO ORDERED.